

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 31, 1972

Honorable James U. Cross                    Opinion No. M-1183
Executive Director
Texas Parks and Wildlife Department   Re:  Participation of De-
John H. Reagan Building                     partment in riot con-
Austin, Texas   78701                       trol actions

Dear Mr. Cross:

Your request lists the following questions:

1. Is the Parks and Wildlife Department required
   to participate in riot control actions?  By
   what authority are we so directed?

2. If this Department is required to participate
   in riot control actions, is the response au-
   tonomous; or under what chain of command is
   the response made?

3. If the Parks and Wildlife Department is re-
   quired to respond, please indicate the funding
   authority for actual response as well as for
   training and equipment expenditures.

Various provisions of Vernon's Code of Criminal Procedure
have application to your first question. Article 2.12 makes
peace officers of the game management officers commissioned by
the Parks and Wildlife Department. Article 2.13 gives every
peace officer the duty to preserve the peace by all lawful means.
Article 6.06 gives peace officers the duty to prevent offenses
being committed or about to be committed within his presence or
view. The duty to disperse riots is placed upon every peace
officer by Article 8.04. Since the game management officers of
the Department are designated as peace officers, they have the
duty under the foregoing statutes to preserve the peace and to
disperse riots.

The second question is answered partly by the statutes already listed and by other provisions of the Code of Criminal Procedure. Article 2.14 authorizes a peace officer meeting with resistance in the discharge of his duties to summon aid from the citizens of his county. An officer dispersing a riot is expressly authorized to call for the aid of citizens. Art. 8.01 and 8.05. A game management officer therefore may act autonomously, since he has the duty of any peace officer to disperse riots; and he should act when summoned to the aid of other officers engaged in riot control.

Regarding your final question about funding for riot control equipment, training, and response, you are advised that while no provision of the General Appropriations Act (Acts 62nd Leg., R.S. 1971, ch. 1047, pp. 3421, et seq) provides funds expressly for riot control purposes, the following items in the appropriation for the Parks and Wildlife Department may be used for those purposes:

Item 9:   "Consumable supplies and materials, current and recurring operating expenses (excluding travel), maintenance and operation of passenger cars and aircraft, capital outlay including passenger cars." (Acts 62nd Leg., R.S. 1971, ch. 1047, p. 3604).

Item 17:  "Salaries, travel, and other operating expenses of Game Management Officers" (Acts 62nd Leg., R.S. 1971, ch. 1047, p. 3606).

## S U M M A R Y

Game management officers commissioned by the Parks and Wildlife Department are peace officers and therefore have the duty of any peace officers to preserve the peace and disperse riots. Game management officers may act autonomously to disperse a riot or in response to a request for aid from other peace officers. Funds provided in items 9 and 17 of the Parks and Wildlife Department allocation for supplies and materials and

operating expenses may be used for riot control equipment, training, and response.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jack Sparks
Charles Lind
Roland Allen
Gordon Cass

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant